Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000544
28-JUN-2018
07:57 AM

NO. CAAP-16-0000544

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STEVEN ROBERTSON, Plaintiff-Appellee,
v.
RICHARD D. ECKERLE, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 14-1-0166K)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Fujise and Chan, JJ.)

Defendant-Appellant Richard D. Eckerle (Eckerle), appearing *pro se*, appeals from the Final Judgment filed on July 6, 2016, in the Circuit Court of the Third Circuit (circuit court).[1] Final Judgment was entered in favor of Plaintiff-Appellee Steven Robertson (Robertson) and against Eckerle as to claims of conversion asserted in Robertson's Complaint.

On April 24, 2014, Robertson filed a Complaint and Summons for conversion of personal property against Eckerle. According to the Return and Acknowledgment of Service (Return of Service) dated June 4, 2014 and filed on June 5, 2014, Roland Perez (Perez), a process server, served Eckerle with the Complaint on May 30, 2014 at 3:25 p.m. "up Keopuka mt. rd. 1st st. on left, only house on left, gray warehouse looking building." The Return of Service (Return of Service) indicated

_____

[1] The Honorable Melvin H. Fujino presided unless otherwise noted.

that Eckerle refused to sign. Eckerle did not file an answer to the Complaint. On November 3, 2014, the Clerk of the Third Circuit Court entered default pursuant to Hawaiʻi Rules of Civil Procedure (HRCP) Rule 55(a)[2] against Eckerle.

In response, Eckerle filed a Motion to Dismiss[3] on December 26, 2014 and two Amended Motions to Dismiss on December 30, 2014 and February 4, 2015, arguing that the entry of default should be set aside because he was not properly served with the Complaint. No other arguments were made by Eckerle. In Eckerle's Declaration, he stated that he was not at home at the time the papers were served:

> Eric Yacopino was at [Eckerle's residence] on May 30, 2014 . . . from 8:00 am to 5:00 pm watching his son and my son . . . and cleaning a garage. . . . The man in a brown or gold passenger car told [Eckerle's son] he was leaving some court papers on the ground by the garage door about 60 feet from the front door and unprotected. It had been raining and when I got home to confirm there were totally soaked papers that were completely destroyed and unable to be read . . . I was not at home at the time the papers were delivered. . . . Making it impossible for me to have been served and refuse to sign.

Additionally, Eckerle provided declarations of three other individuals supporting his argument that he was purportedly not at his residence at the time Perez stated that he served the complaint.

In Perez's declaration, he attested that he is a process server qualified to serve Complaints and Summonses on the island of Hawaiʻi and is familiar with the rules for service in the State of Hawaiʻi. He further stated that he had identified Eckerle at his residence and while he proceeded to serve him with the Complaint, Eckerle attempted to close the garage door,

---

[2] HRCP Rule 55(a) provides:

> (a) **Entry.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

[3] We construe Eckerle's Motion to Dismiss as a motion to set aside entry of default pursuant to HRCP Rule 55(c). See Madden v. Madden, 43 Haw. 148, 149-50 (1959) ("Under the rules, the substance of the pleading controls, not the nomenclature given to the pleading." (citation omitted)).

however, Perez was able to slip it under the garage. In his declaration, Perez attested to the following:

> 4. Declarant was familiar with Richard Eckerle and that he had a history of attempting to avoid service.
> 5. Mr. Eckerle was served by Declarant on May 30, 2014 at 3:25 p.m. The Return and Acknowledgment of Service was filed June 5, 2014.
> 6. Declarant went up Keopuka Mt. Road; to the first building on the left. It was gray warehouse looking building.
> 7. Declarant recognized Eckerle and vice-versa.
> 8. As Declarant proceeded toward Eckerle he saw Eckerle at the garage door, trying to close it as fast as he could to avoid service.
> 9. As Eckerle was trying to close door [sic], there was still about a 4-6 inch gap before the door was shut.
> 10. Declarant pushed the document into the door into Eckerle and told him he was served.
> 11. Declarant did not leave the document on the outside of the garage, nor did Declarant say to anyone that he was going to leave it on the ground.
> 12. The only other person Declarant saw that day was an unidentified young boy. Thinking it was Mr. Eckerle's son, Declarant asked him if his dad was there.
> 13. The Declarations provided by Eckerle contains numerous lies.
> 14. The court documents were not left in "an unreadable mess", [sic] nor were they left "recklessly in an area to be destroyed". [sic] The document was served into the garage, and not outside and unprotected.

After a non-evidentiary hearing on Eckerle's Amended Motion to Dismiss on March 6, 2015, the circuit court entered its Order Denying [Eckerle's] Amended Motion to Dismiss on April 15, 2015.[4] Thereafter, Eckerle filed a Motion for Reconsideration and Vacate Default on April 24, 2015 (Motion for Reconsideration), which was denied on September 10, 2015.[5]

On November 10, 2015, Robertson moved for default judgment. On January 11, 2016, Eckerle filed a Motion to Set Aside Oral Default Judgment.[6] The circuit court granted Robertson's Motion for Default Judgment on January 12, 2016. After a hearing on Eckerle's Motion to Set Aside Oral Default Judgment on February 2, 2016, the circuit court filed its order

---

[4] The Honorable Elizabeth A. Strance presided.

[5] The Honorable Ronald Ibarra presided.

[6] It is unclear from the Record on Appeal the date of the hearing on Robertson's Motion for Default Judgment. Additionally, no transcripts were provided for this hearing.

denying Eckerle's motion on February 25, 2016.  Final Judgment was entered on July 6, 2016.

On appeal, Eckerle appears to contend that the circuit court (1) abused its discretion when it failed to set aside the entry of default and default judgment for improper service and (2) abused its discretion by disregarding arguments and evidence advanced by Eckerle that warrant an evidentiary hearing and consideration of arguments regarding the merits of Eckerle's defense.

We note that Eckerle's opening brief fails to comply with various provisions set forth in Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 28(b), nevertheless, this court observes a policy of affording pro se litigants the opportunity "to have their cases heard on the merits, where possible."  O'Connor v. Diocese of Honolulu, 77 Hawaiʻi 383, 386, 885 P.2d 361, 364 (1994).  Therefore, we address his arguments on appeal to the extent they can reasonably be discerned.  See Hous. Fin. & Dev. Corp. v. Ferguson, 91 Hawaiʻi 81, 85-86, 979 P.2d 1107, 1111-12 (1999); Hawaiian Props., Ltd. v. Tauala, 125 Hawaiʻi 176, 181 n. 6, 254 P.3d 487, 492 n. 6 (App. 2011).

"The application of HRCP Rule 55, which governs the entry of default judgment, is reviewed for abuse of discretion." County of Hawaii v. Ala Loop Homeowners, 123 Hawaiʻi 391, 404, 235 P.3d 1103, 1116 (2010).

> [T]he trial court abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence. Abuse of discretion occurs when 'the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.'

Ranches v. City and County of Honolulu, 115 Hawaiʻi 462, 468, 168 P.3d 592, 598 (2007) (citations omitted).

The Hawaiʻi Supreme Court has held that "defaults and default judgments are not favored and that any doubt should be resolved in favor of the party seeking relief, so that, in the interests of justice, there can be a full trial on the merits." Rearden Family Trust v. Wisenbaker, 101 Hawaiʻi 237, 254, 65 P.3d 1029, 1046 (2003) (citations and internal quotation marks

4

omitted).

Additionally, Hawai'i courts follow the test as set forth in BDM, Inc. v. Sageco, Inc., 57 Haw. 73, 76, 549 P.2d 1147, 1150 (1976) (BDM, Inc. test) to determine whether to set aside entry of default and/or a default judgment:

> a motion to set aside a default entry or a default judgment may and should be granted whenever the court finds (1) that the nondefaulting party will not be prejudiced by the reopening, (2) that the defaulting party has a meritorious defense, and (3) that the default was not the result of inexcusable neglect or a wilful act.

Citicorp Mortgage, Inc. v. Bartolome, 94 Hawai'i 422, 438, 16 P.3d 827, 843 (App. 2000).

In this case, Eckerle argues that entry of default and default judgment should have been set aside because he was not properly served with the Complaint and Summons pursuant to HRCP Rule 4(d)[7]. "The general rule is that due process requires notice reasonably calculated to apprise the defendant of the action and thus afford the defendant an opportunity to defend." Id. at 432, 16 P.3d at 837 (citing Calasa v. Greenwell, 2 Haw. App. 395, 399, 633 P.2d 553, 556 (1981)).

Additionally, service of process in civil actions and proceedings is governed by Chapter 634, Part III of the Hawaii Revised Statutes (HRS). HRS § 634-22, provides that,

> In all cases where any process or order of a court is served by any officer of the court or of the police force or the sheriff, deputy sheriff, an independent civil process server from the department of public safety's list under section 353C-10, or any investigator appointed and commissioned by the director of commerce and consumer affairs pursuant to section 26-9(j), a record thereof shall be endorsed upon the back of the process, complaint, order, or citation. The record shall state the name of the person served and the

---

[7] HRCP Rule 4(d) states in relevant part:

> **(d) Same: Personal service.** The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:
> (1) Upon an individual other than an infant or an incompetent person, (A) by delivering a copy of the summons and of the complaint to the individual personally or in case the individual cannot be found by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein . . . .

> time and place of service and shall be signed by the . . .
> independent civil process server, or investigator making the
> service. If the . . . independent civil process server, or
> investigator fails to make service, the . . . independent
> civil process server, or investigator in like manner, shall
> endorse the reason for the . . . independent civil process
> server, or investigator's failure and sign this record.
> When service is made by a person specially appointed by the
> court, or an independent civil process server, that person
> shall make declaration or affidavit of that service.

HRS § 634-22 (2016).

Further, under HRS § 634-22, a Return of Service submitted by a process server as designated in the statute, is prima facie evidence of the events which occurred at the time of service:

> The record, declaration, or affidavit shall be prima facie
> evidence of all it contains, and no further proof thereof
> shall be required unless either party desires to examine the
> . . . independent civil process server, . . . in which case
> the . . . independent civil process server . . . shall be
> notified to appear for examination.

HRS § 634-22 (2016).

In this case, although Perez certified, in his Return of Service and affidavit, that the Complaint was personally served on Eckerle, Perez did not state and the circuit court failed to make a factual determination that Perez is "an independent civil process server from the department of public safety's list under [HRS] section 353C-10" or that he qualifies as any of the other categories enumerated in HRS § 634-22. Accordingly, pursuant to HRS § 634-22, without this determination, Perez's Return of Service and affidavit attesting to personal service of the Complaint, does not create a presumption that service was effected.

Furthermore, Eckerle offered declarations of other individuals that purportedly substantiated his argument that he was not served with the Complaint. Eckerle maintained that he was not at his residence at the time Perez stated that he had served the Complaint, while Perez attested that he is familiar with Eckerle, had recognized Eckerle at his residence, and that Perez had personally served Eckerle with the Complaint on the specified day and time. Based upon Eckerle's declarations rebutting proper service, Perez's failure to create a presumption

of proper service, and the existence of doubt that service was effected, the circuit court should have held an evidentiary hearing where witnesses could be examined and the court could make a finding as to whether service was made on Eckerle.

Therefore, IT IS HEREBY ORDERED that the Final Judgment filed on July 6, 2016, in the Circuit Court of the Third Circuit is vacated and the case is remanded for further proceedings, including an evidentiary hearing on a determination of whether Eckerle was properly served with the Complaint.

DATED:  Honolulu, Hawai'i, June 28, 2018.

On the briefs:

Richard D. Eckerle,
Pro Se, Defendant-Appellant.

Kenneth A. Ross,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

7